UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| FRASERSIDE IP LLC, | ) | |
| An Iowa Limited Liability Company | ) | |
| | ) | No. cv-10- 3066 DEO |
| | ) | |
| vs. | ) | COMPLAINT and |
| | ) | JURY DEMAND |
| | ) | |
| Slutload, dba www.slutload.com | ) | |
| and Ryan Milnes and Nadene Milnes, | ) | |
| and John Does 1 - 100 and | ) | |
| John Doe Companies 1 - 100 | ) | |
| | ) | |

INTRODUCTION

Piracy of copyrighted and trademarked works is a multi-billion dollar, global

industry of theft.  The piracy of legal adult entertainment is the training ground for

all other forms of online piracy – audio books, television shows, digital music files,

and general release Hollywood movies.  USA Today wrote, "Online porn often

leads high-tech way"

http://www.usatoday.com/money/industries/technology/2004-03-09-

onlineporn_x.htm and it is a fact that pornography lead the technological advances

and mass acceptance of VHS, DVD's, the growth of the Internet, streaming video,

online advertising, online payment processing, and downloads.  Online piracy of pornography has lead the way for piracy of more mainstream copyrighted works; it has provided a roadmap at a significant cost to the legitimate and legal adult and mainstream entertainment industries.  The pirates of pornography train like professional sports players before a big game; they are masterful at their craft and execute with precision.  They diligently find ways to hide assets and identities while exploiting weaknesses in their prey.  Piracy such as that committed by Defendants is committed only for profit; no party engages in piracy out of any feeling of philanthropic responsibility or to further constitutional free expression.  The Rand Institute's 2009 publication *Film, Piracy, Organized Crime, and Terrorism* determined that "Piracy is high in payoff – with profit margins greater than those of illegal narcotics – and low in risk often taking place under the radar of law enforcement.  In addition, terrorist groups have in some cases used the proceeds of film piracy to finance their activities.  Besides being a threat to the global information economy, counterfeiting threatens public safety and national security." http://www.rand.org/pubs/monographs/2009/RAND_MG742.pdf

Piracy is not a victimless crime and piracy of legal adult materials leads to greater occurrences of piracy across all other forms of online intellectual property.  It is against this backdrop that the following Complaint is respectfully submitted to the Court.

JURISDICTION AND VENUE

1.      Plaintiff is a Limited Liability Company organized under the laws of

the State of Iowa with its principal place of business in Northwood, Iowa.


2.      Upon information and belief, Defendants are doing business as

www.slutload.com at 410 West Nine Mile Road, Suite 2424, Pensacola, FL 32534.

Defendants Ryan Milnes and Nadene Milnes reside at 39 Nancy Street, Wasaga

Beach, Ontario L9Z 2K9 Canada.


3.      This Court has subject matter jurisdiction over Plaintiff's federal

claims pursuant to 17 U.S.C. § 101 *et seq.,* Section 32 of the Lanham Act, 15

U.S.C. §1114(1), 15 U.S.C. § 1121, 15 U.S.C. §1125, 28 U.S.C. §1331 and 28

U.S.C. §1338.  Venue is appropriate in this District pursuant to 28 U.S.C. §

1391(b)(c).


4.      This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b),

(c ) and/or  (d)

PARTIES

5.     FraserSide IP LLC, an Iowa Limited Liability Company, is the

rightful trademark, copyright, and intellectual property owner and/or successor in

interest of the United States trademarks, copyrights, and intellectual property that

is the basis for this action.  The parent company Fraserside Holdings, Ltd., a Cyprus

based company, is one of the world's leading producers of high quality brand driven

adult motion picture films.  Fraserside, commonly and commercially known as

"Private", has been producing legal adult entertainment since 1968, from print

magazines and movie reels to VHS to DVD to online digital download and

streaming.  In the first six months of 2010, Private has shipped over 200 orders to

Iowa residents and delivered nearly 1000 online to Iowa customers .   Frasersides'

highly sought after intellectual property is distributed on a wide range of platforms

including mobile handsets via 104 network operators in 45 countries, digital TV

via 38 platforms in 24 countries, broadband Internet, television broadcasting

including its own South American cable channel in a venture with world famous

Playboy™ and sold on DVD's, on demand and through subscription based web

properties.  Fraserside has protected its trade names such as PRIVATE, PRIVATE

GOLD, PIRATE and THE PRIVATE LIFE OF through United States trademark and

service mark registrations and its films through United States copyright

registration.  Beginning in 1975, Fraserside further protected its intellectual property

through registration in more than 25 countries including Australia, Brazil, Canada,

Chile, Denmark, Europe, France, Germany, Hong Kong, India, Italy, Japan, Mexico, Norway, New Zealand, Panama, Philippines, Poland, South Africa, Spain, Sweden, Switzerland, Taiwan, Thailand, United Kingdom, and Venezuela.

Plaintiffs are producers, distributors, and/or exclusive licensors of motion pictures in the United States.  Plaintiffs are engaged in the business of producing, distributing, and/or licensing to others, the rights to copy, distribute, transmit and exhibit copyrighted motion pictures and/or other audio visual works.  Plaintiffs expend significant amounts of time, money and other resources to produce high quality products, develop supply chains and distribution systems, and build premium brand recognition of their products.

Plaintiffs, either directly or through their affiliates or licensees, distribute their copyrighted works in various forms, without limitation, over the Internet, pay-per-view, video on demand, digital video discs (DVD's), and other formats, by selling them directly or indirectly to the home viewing market or licensing others to do so. Plaintiffs also distribute their copyrighted works, without limitation, through Internet streaming and download services.

Plaintiffs have registered with the United States Copyright Office their copyrighted works identified in the paragraphs below.   Plaintiffs have taken industry standard steps to identify their products, including placing recorded warnings at the

beginning and end of video productions and embedding "watermarks" in their videos that appear whenever those videos are played.

6.     Plaintiff's PRIVATE trademark and service mark have been continuously used in commerce since at least June 1968.  U.S. Trademark Registration No. 1014975 was registered on July 1, 1975 and renewed on September 6, 2005.

7.     Plaintiff has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark PRIVATE.  As a result, the purchasing public has come to know, rely upon and recognize the mark PRIVATE as an international brand of high quality entertainment.

8.     Plaintiff's PRIVATE GOLD trademark and service mark has been continuously used in commerce since at least August 2004.  U.S. Trademark Registration No. 3188677 was registered on December 26, 2006.

9.     Plaintiff has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark PRIVATE GOLD.  As a result, the purchasing public has come to know, rely upon and recognize the mark PRIVATE GOLD as an international brand of high quality entertainment.

10.    Plaintiff's PRIVATE trademark and service mark design of two human female figures has been continuously used in commerce since at least December 2004.  U.S. Trademark Registration No. 3389749 was registered on February 26, 2008.

11.     Plaintiff has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark service mark design of two human female figures.  As a result, the purchasing public has come to know, rely upon and recognize the mark design of two human female figures as identifying Plaintiff's work, an international brand of high quality entertainment.

12.     Plaintiff's PIRATE trademark and service mark has been continuously used in commerce since at least February 24, 2000.  U.S. Trademark Registration No. 3137445 was registered on September 5, 2006.

13.     Plaintiff's THE PRIVATE LIFE OF trademark and service mark has been continuously used in commerce since at least September 1999.  U.S. Trademark Registration No. 2875138  was registered on August 17, 2004.  Plaintiff has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark THE PRIVATE LIFE OF.  As a result, the purchasing public has come to know, rely upon and recognize the mark THE PRIVATE LIFE OF as an international brand of high quality entertainment.

14.     Plaintiff has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark service mark PIRATE.  As a result, the purchasing public has come to know, rely upon and recognize the mark PIRATE as an international brand of high quality entertainment.

15. Plaintiff's THE PRIVATE LIFE OF trademark and service mark has been continuously used in commerce since at least September 1999.  U.S. Trademark Registration No. 2875138 was registered on August 17, 2004.

16.     Plaintiff has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark THE PRIVATE LIFE OF.  As a result, the purchasing public has come to know, rely upon and recognize the mark THE PRIVATE LIFE OF as an international brand of high quality entertainment.

17.     Plaintiff has produced in excess of 1,000 full-length adults-only or adult-oriented audio-visual works and holds over 75 United States copyrights for its works.

18.     Defendant SlutLoad is a company claiming to do business at 410 West Nine Mile Road, Suite 2424, Pensacola, FL 32534.

19.     Defendants do business as SlutLoad.com and operate the Slutload.com website.

20.     Defendant Slutload.com competes against Plaintiff in the distribution and sale of adults-only audio-visual works through Internet distribution.

21.     Upon information and belief, Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to

infringe on the Plaintiff's copyrighted intellectual property for illegal profit and

monetary gain.

STATEMENT OF FACTS

22.     Upon information and belief, Slutload.com is a website that provides adult-oriented audio-visual content to the general public without request for age-verification.

23.     Upon information and belief, the Slutload.com website is visited by over **FIVE MILLION** U.S. based internet surfers per month.  Defendant proudly displays the number of instances in which a particular piece of media has been played on its website as number of "views".  The number of Iowa-based views per month will be determined during discovery.

24.     Copyright law states that any material that is "reproduced, performed, publicly displayed, or made into a derivative work without permission" is an illegal violation of the rights of the copyright owner.  By its definition each view constitutes a separate and distinct instance of infringement that is produced on a viewers computer.  Plaintiff's intellectual property has been watched by over 1,486,760 viewers.  This number grows daily thus furthering the number of copyright infringements and contributing to the further dilution of the Plaintiff's trade and service marks.

25.  Upon information and belief, Defendant provides "embed" links that allow third parties to display Plaintiff's intellectual property to third parties on third

party websites for the purpose of deriving traffic back to Slutload.com.  The

number of views displayed on Slutload.com does not reflect the number of views

on those sites.  This significantly increases the number of views.  This number

grows daily thus furthering the number of copyright infringements and

contributing to the further dilution of the Plaintiff's trade and service marks.

26.     Upon information and belief, the sole type of works available on the

website appear to be copyrighted videos that, upon information and belief, are not

owned by Defendant but are owned by well-known and long-established members

of the adult oriented audio visual entertainment industry.

27.     Plaintiff owns the worldwide rights to its extensive archive of high-

quality content and also licenses its trademarks internationally for a select range of

luxury consumer products.

28.     Plaintiff has dedicated significant resources to create, distribute, and

protect its works.  In addition, Plaintiff dedicates resources to be in compliance

with applicable laws in order to protect the integrity of their works and the overall

adult entertainment industry.

29.     The viability and profitability of Plaintiff is based upon monies and

revenue earned from Plaintiff's intellectual property, including copyrights in

Plaintiff's films.

30.    The Internet, in conjunction with recent significant advances in technology, hardware and software, has resulted in the availability of effective means for circumventing the intellectual property ownership rights in nearly every industry, including adult entertainment.   The pervasive and intense online infringement is nearly crippling the adult entertainment industry, providing unfettered, unregulated, free access to copyrighted works originally produced by reputable businesses and persons.

31.    Upon information and belief, these infringers are without any accountability to governmental requirements or regulations, without any actual investment in the creation of the works, and without any commitment to the vision of the future of the industry.  Nonetheless, these infringers utilize, display, and distribute copyrighted works for which they have no right or proper license for their own commercial and significant financial benefit.  These actions have caused and continue to cause significant damage to the business and reputation of the true copyright owners.

32.    Upon information and belief, Infringers, such as Defendant Slutload, have taken advantage of the existence of legitimate Web sites that properly facilitate the exchange of user-generated content.  Defendant Slutload is truly a subscription membership web site hiding behind the veneer of a simple user-generated content exchange site.  Defendant's SlutLoad.com website is designed

for the sole purpose of taking commercial advantage of copyrighted works without any authority whatsoever and derive benefit from the copyrighted works.  This significant commercial and financial advantage is obtained without purchasing licensing from the copyright holder nor incurring the significant expense of creating and generating the content itself.

33.     Upon information and belief, Defendant Slutload has created, owns, and/or operates the Internet Web site www.slutload.com.  In concert with the Doe Defendants, Defendant Slutload uses these sites to display and distribute Plaintiff's films, among others, to Internet Users.  Defendant Slutload and the Doe Defendants each know, or have reason to know, that there is no proper license or authority to display and distribute Plaintiff's films on Slutload.com or obtain commercial financial gain from such display and distribution.  Defendants use Slutload.com to gather a vast and extensive collection of infringed films to display and distribute. The website is a one-stop shop for infringing material.  Most, if not all, of the content indexed on or available on the website is infringing, unauthorized copyrighted content, including Plaintiff's copyrighted works.  The fundamental purpose of the website is to further the illegal dissemination and contribute to the illegal dissemination of infringing works. This display and distribution provides Defendant Slutload with significant monthly revenues, and hinders Plaintiff's rightful ability to derive financial benefits from their own films.

34.     Upon information and belief, the display and distribution of Plaintiff's films are accompanied by advertisements that generate Defendant Slutload an estimated millions of dollars in annual revenue.   Advertisers purchase ad space on certain pages and in certain locations on Slutload.com due to the known or estimated Internet traffic that views the particular page or location.  The volume of Internet traffic on such page or location is directly attributable to the quality of content displayed and distributed.  Thus, the quality of Plaintiff's films is directly responsible for the revenue generated by the sale of ad space on Slutload.com.

35.     Upon information and belief, the commercial financial benefit and deception regarding the purpose of Slutload.com is not limited to the large revenues generated through sale of third party advertising space.  As opposed to legitimate user generated content exchange sites, Slutload.com induces the Internet user to pay subscription fees, possibly unbeknownst to the user.

36.     Upon information and belief, Slutload.com does not initially provide the full length of Plaintiff's films, although a significant portion is displayed and distributed.  If the Internet user wishes to view the entire film, or something more than is initially presented, the user is presented this option by becoming a member of Slutload.com.  Membership is touted as free, but the process obligates the user to paid membership of accompanying services, at an aggregate amount of $139.85 charged to the user monthly.

37.     Upon information and belief, Slutload.com offers viewing choices of standard definition and high definition.  If the Internet user wishes to see the film, even the initial portion of the film, in high definition, the user must sign up as a member of Slutload.com, ultimately obligating the user to paid membership of accompanying services, at an aggregate amount of $139.85 charged to the user monthly.

38.     Upon information and belief, when a Slutload.com user desires to view an entire Plaintiff film or see the film in high-definition, the user is required to commit to subscription services, quite possibly unwittingly.

39.     Upon information and belief, the Internet user, initially lead to believe that Slutload.com is a completely free viewing site, is presented with only portions, albeit significant portions, of Plaintiff's films.  The user is permitted to view the entire films and download the films only with further financial benefit to Defendant Slutload.  Defendants give away unauthorized samples of Plaintiff's property then sells unauthorized copies of Plaintiff's property without any benefit to Plaintiff.

40.     Upon information and belief, Plaintiff's copyrighted works have been and continued to be infringed by Defendant Slutload and the Doe Defendants through the reproduction, distribution, and public display of Plaintiff's films by and through the Internet Web site slutload.com for which Defendant Slutload owns

the domain registration and to which Defendant Slutload and the Doe Defendants,

members of the site, provide essential equipment and support.

41.    Upon information and belief, the high volume of Internet traffic

generated at Slutload.com is due to the option Internet users are presented in

viewing the infringed content for free, rather than obtaining the viewing rights

legally and knowingly paying for such rights.

42.    On or about August 2010, an initial search of Slutload.com revealed

and documented thousands of separate instances of copyright infringement.  As of

the date of this Complaint, a total of 19 works, identified in the following

paragraphs, were documented as being displayed and distributed on Slutload.com.

Each of these films were displayed and distributed by Defendant Slutload and the

Doe Defendants, each individually and acting in concert with each other, without

the consent of, or licensing by, Fraserside, the copyright owner and registrant of

the motion picture.

43.    Plaintiff marks each film with a copyright notice and trademark in

order to inform the public of Plaintiff's ownership.  Upon information and belief

Defendant Slutload has altered Plaintiff's films in that these notices and marks

have been removed and replaced with the mark "Slutload.com."  Defendants

intentionally blur or obscure Plaintiff's watermarks and logos from Plaintiff's

videos displayed on Defendants' website, causing consumers to be confused as to

the origin of the audio-video content.  The manipulation of identifying marks is also evidence of knowledge and intent to infringe Plaintiff's intellectual property rights.

44.     Upon information and belief, Defendant Slutload has actual knowledge and clear notice of this extensive infringement of Plaintiff's titles.  The infringement is clear and obvious even to the most naïve observer.   Plaintiff's and other major producers' trademarks are used to index infringing material along with obfuscation of watermarks and other identifiers which is evidence of knowledge and intent.

45.     By virtue of the conduct alleged herein, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright and trademark infringement, and thereby have infringed, secondarily infringed, and induced infringement by others,  the copyrights and trademarks in Plaintiff's copyrighted work, including but not limited to those listing the paragraphs below.

CLAIMS FOR RELIEF

COUNT I

Copyright Infringement

46.     Plaintiff restates Paragraphs 1-45 as if fully set forth herein.

47.     Plaintiff is the sole owner of all right, title and interest in and to each of the audio-visual works referenced herein and covered by Plaintiff's registered copyrights, and of all corresponding copyright and Certificates of Registration.

48.     By virtue of its copyright registrations, Plaintiff has the exclusive right to display, sell or license its copyrighted content.

49.     Defendants have copied, reproduced, distributed, adapted, and/or publicly displayed Plaintiff's copyrighted works without the consent or authority of the Plaintiff, thereby directly infringing Plaintiff's copyrights.

50.     Defendants' actions constitute infringements of Plaintiff's copyrights and exclusive rights under copyright in violation of 17 U.S.C. §§ 106 and 501 *et seq.*

51.     The infringement of Plaintiff's rights in and to each of the audio-visual works constitutes a separate and distinct act of infringement

52.      In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Anal Freedom, Copyright Registration Number PA0001674266, also protected by Trademark Registration 1014975; specifically located at http://www.slutload.com/s/anal-freedom/.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

53.     In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Anal Freedom, Copyright Registration Number PA0001674266, also protected by Trademark Registration 1014975; specifically located at http://www.slutload.com/watch/jUEadyqUyW/Amateur-Anal-Freedom.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

54.  In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Anal Freedom, Copyright Registration Number PA0001674266, also protected by Trademark Registration 1014975; specifically located at http://www.slutload.com/watch/dpwvz3AGPja/Amateur-Anal-Freedom.html.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

55.     In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Anal Mermaids, Copyright Registration Number PA0001670905, also protected by Trademark Registration 1014957; specifically located at http://www.slutload.com/watch/xTDsqJfFoz3/Anal-Mermaids-3.html. This copyrighted and trademark protected work was displayed without the consent

of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

56.     In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Anal Mermaids, Copyright Registration Number PA0001670905, also protected by Trademark Registration 1014957; specifically located at http://www.slutload.com/watch/Ix9sFdZBmrw/Anal-Mermaids-4.html. This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

57.     In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Beauties in the Tropix, Copyright Registration Number PA0001674265, also protected by Trademark Registration 1014957; specifically located at http://www.slutload.com/watch/trgJi13V7BD/Hot-Suzie-Carina-Amazing-Blowjob.htmll.  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

58.     In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Billionaire, Copyright Registration Number PA0001674263, also protected by Trademark Registration 1014957; specifically located at http://www.slutload.com/watch/btsinKa6aAc/Private-Blockbuster-5-

Billionaire-2-09-11-9.html   This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

59.    In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Billionaire, Copyright Registration Number PA0001674263, also protected by Trademark Registration 1014957; specifically located at http://www.slutload.com/watch/b7CBfxOwxhrj/Assfucked-In-A-Rolls-Royce.html This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

60.    In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Guns and Rough Sex, Copyright Registration Number PA0001670901, also protected by Trademark Registration 1014957; specifically located at http://www.slutload.com/watch/0fGGe6blJtg/Guns-and-Rough-Sex-Teen-fucking.html  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

61.    In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Porn Wars, also protected by Trademark Registration 1014957; specifically located

at http://www.slutload.com/watch/6UKh0JxHMKE/Star-Wars-Parody-TheJedi-Mind-Trick.hfpw.avi  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

62.    In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Porn Wars, also protected by Trademark Registration 1014957; specifically located

at http://www.slutload.com/watch/2eGOOvhjh14/Star-wars-pervers.html This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

63.    In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Porn Wars, also protected by Trademark Registration 1014957; specifically located

at http://www.slutload.com/watch/N9lidBlbn0U/Star-Wars-Parody-Jedi-Mind-Trick.html  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

64.    In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Porn Wars, also protected by

Trademark Registration 1014957; specifically located

at http://www.slutload.com/watch/VmlMN3sdTtF/Galaxy-porn-wars.html

This copyrighted and trademark protected work was displayed without the consent

of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner

of the motion picture

65.    In August 2010, www.slutload.com displayed and offered for viewing

Fraserside's copyrighted work Porn Wars, also protected by

Trademark Registration 1014957; specifically located

at http://www.slutload.com/s/porn-wars  This copyrighted and trademark protected

work was displayed without the consent of, or licensing by, Fraserside IP LLC, the

copyright owner and trademark owner of the motion picture

66.    In August 2010, www.slutload.com displayed and offered for viewing

Fraserside's copyrighted work Private Story of Sarah O'Neal, Copyright

Registration Number PA0001674275, also protected by Trademark Registration

1014957; specifically located at http://www.slutload.com/s/sarah-oneal  This

copyrighted and trademark protected work was displayed without the consent of,

or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of

the motion picture

67.    In August 2010, www.slutload.com displayed and offered for viewing

Fraserside's copyrighted work Private Story of Sarah O'Neal, Copyright

Registration Number PA0001674275, also protected by Trademark Registration 1014957; specifically located

at http://www.slutload.com/watch/J2GjGAZDmKN/Hot-Sarah-Oneal-Anal-Fucked.html This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

68.    In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work The Private Life of Lea De Mae (Dangerous Things), Copyright Registration Number PA0001674275  also protected by Trademark Registrations 2875138 and 1014957; specifically located

at http://www.slutload.com/watch/Crc16LkAPZT/Blonde-Lea-De-Mae-Anal-Titty-Fucking.httploldm.avi  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

69.    In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work The Private Life of Wanda Curtis, protected by Trademark Registrations 2875138 and 1014957; specifically located

at http://www.slutload.com/watch/VCAGlykbbZM/Big-Titted-Wanda-Curtis-Anal.html This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and

trademark owner of the motion picture

70.    In August 2010, www.slutload.com displayed and offered for viewing

Fraserside's copyrighted work Tropical Twins, Copyright Registration Number

PA0001670893, also protected by Trademark Registration 1014957; specifically

located at http://www.slutload.com/s/tropical-twins  This copyrighted and

trademark protected work was displayed without the consent of, or licensing by,

Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

71.    In August 2010, www.slutload.com displayed and offered for viewing

Fraserside's copyrighted work Tropical Twins, Copyright Registration Number

PA0001670893, also protected by Trademark Registration 1014957; specifically

located at http://www.slutload.com/watch/ZXWI9YsZ6KC/Hot-Tropical-Lesbo-

Twins.html This copyrighted and trademark protected work was displayed without

the consent of, or licensing by, Fraserside IP LLC, the copyright owner and

trademark owner of the motion picture

72.    In August 2010, www.slutload.com displayed and offered for viewing

Fraserside's copyrighted work Caribbean Dream, Copyright Registration Number

PA0001670898, also protected by Trademark Registration 1014957; specifically

located at http://www.slutload.com/s/caribbean-dream/ This copyrighted and

trademark protected work was displayed without the consent of, or licensing by,

Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

73.     In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Caribbean Dream, Copyright Registration Number PA0001670898 , also protected by Trademark Registration 1014957; specifically located at http://www.slutload.com/watch/doNcYB77kdI/Laura-Lion.html This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

74.     In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Cleopatra, Copyright Registration Number PA0001676455, also protected by Trademark Registration 1014957; specifically located at http://www.slutload.com/watch/m9pQAC8RcZd/Cleopatra-fucking.html This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture

75.     In August 2010, www.slutload.com displayed and offered for viewing Fraserside's work Private Gold 34 - Collector, protected by Trademark Registration 1014957 and 3188677; specifically located

at http://www.slutload.com/watch/Kx8Fq5JJXHR/Gold-34-Collector.html This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the trademark owner of the motion picture

76.    In August 2010, www.slutload.com displayed and offered for viewing Fraserside's work Private Presents My Wife Cheats Me with a Lesbian protected by Trademark Registration 1014957; specifically located at http://www.slutload.com/watch/MDrVvOjpVtY/Michelle-wild-and-maya-gold.html . This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the trademark owner of the motion picture.

77.    In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Art Core, Copyright Registration Number PA0001674499,  also protected by Trademark Registration 1014957; specifically located at http://www.slutload.com/watch/f85lBRrgMwq/Jessica-Fiorentino-Gets-A-DP.html This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

78.    In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Girls of Desire, Copyright Registration Number PA0001670895,  also protected by Trademark Registration 1014957; specifically located at http://www.slutload.com/watch/NcELTnM79vQ/Sexy-Sophie-Moon-Fucked-And-Jizzed.html   This copyrighted and trademark protected work was

displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

79.     In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Gladiator, Copyright Registration Number PA001674249,  also protected by Trademark Registration 1014957; specifically located at http://www.slutload.com/watch/nFoXmdBajLg/Dorothy-Rita-And-Tina.html  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

80.     In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Ibiza Sex Party 5, Copyright Registration Number PA0001674244, also protected by Trademark Registration 1014957; specifically located at http://www.slutload.com/watch/PoPWYiEzzHG/Black-Angelika-And-Lucy-Belle.html  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

81.     In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Private Story of Bobbi Eden, Copyright Registration Number PA0001674274,  also protected by Trademark Registration 1014957;

specifically located at http://www.slutload.com/s/bobbi-eden/  This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

82.     In August 2010, www.slutload.com displayed and offered for viewing Fraserside's copyrighted work Private Story of Bobbi Eden, Copyright Registration Number PA0001674274,  also protected by Trademark Registration 1014957; specifically located at http://www.slutload.com/watch/tnHAfXTRSx9/Bobbi-Eden-fucked.html

This copyrighted and trademark protected work was displayed without the consent of, or licensing by, Fraserside IP LLC, the copyright owner and trademark owner of the motion picture.

83.     The acts of Defendants have been willful, intentional, and purposeful, in reckless disregard of and with indifference to the rights of Plaintiff.

84.     As a direct and proximate result of their unlawful conduct, Defendants are jointly and severally liable to Plaintiff for copyright infringement.  Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.  Plaintiff is entitled to recover damages, which includes its losses and all profits Defendants have made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504(b)

85.     Alternative to actual damages plus Defendants' profits, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504 (c ), in the amount of $150,000 for each infringed work, or other such amounts as may be proper pursuant to 17 U.S.C. § 504(c )

86.     Defendants' conduct has caused, and unless enjoined and restrained by this Court, will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting further infringements of Plaintiff's copyrights.

87.     Defendants are continuing their infringement in blatant disregard of Plaintiff's protected rights.

88.     Plaintiff is also entitled to recover their attorney's fees and costs of this suit, pursuant to 17 U.S.C. § 505

Count II

Contributory Copyright Infringement

89.     Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

90.     On information and belief, Defendants have engaged in the business of knowingly inducing, causing, and/or materially contributing to unauthorized

reproduction, adaptation, public display and/or distribution of copies of the

Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's

copyrighted works.

91.    On information and belief, Defendants' actions constitute contributory

infringement of Plaintiff's copyrights and exclusive rights under copyright in the

Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106

and 501

92.    Defendant's unauthorized publication of Plaintiff's copyrighted works

constitutes infringement of Plaintiff's rights in and to each of the copyrighted

works and each publication constitutes a separate and distinct infringement.

93.    By enabling, causing, facilitating, materially contributing to, and

encouraging the unauthorized publication and reproduction, distribution, and

public display of unauthorized copying of Plaintiff's copyrighted works in the

manner described above, with full knowledge of the illegality of such conduct,

Defendant has contributed to and induced a vast number of copyright and

trademark infringements against Plaintiff.

94.    The unauthorized reproduction, distribution, and public display of

Plaintiff's copyrighted works that Defendant enables, causes, materially

contributes to and encourages through the acts described above are without

Plaintiff's consent and are not otherwise permissible under the Copyright Act.

95.   The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

96.   As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b)

97.    Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c )

98.   Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505

## COUNT III

### Vicarious Copyright Infringement

99.   Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

100.   On information and belief, Defendants have engaged in the business of profiting through advertising around Plaintiff's copyrighted works on its website, thus knowingly and vicariously causing and benefiting from the unauthorized reproduction, adaptation, public display and/or distribution of copies

of the Plaintiff's copyrighted works, and thus to the vicarious infringement of Plaintiff's copyrighted works.

101.   On information and belief, Defendants' actions constitute vicarious infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501

102.   The infringement of Plaintiff's rights in and to each of the Plaintiff's copyrighted works constituted a separate and distinct infringement.

103.   The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

104.  As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b)

105.   Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c )

106.  Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505

## COUNT IV

### Inducement of Copyright Infringement

107.   Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

108.   On information and belief, Defendants have encouraged the illegal uploading and downloading of Plaintiff's copyrighted works by compensating uploaders , thus inducing the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

109.   On information and belief, Defendants' actions constitute inducing copyright infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

110.   The infringement of Plaintiff's rights in and to each of the Plaintiff's copyrighted works constituted a separate and distinct infringement.

111.   The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

112.   As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's

copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

113.   Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c ), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

114.   Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## COUNT V

### Trademark Infringement under the Lanham Act

115.   Plaintiff repeats, re-alleges and incorporates by reference each and every preceding allegation set forth herein.

116.   By virtue of its trademark registrations, Plaintiff has the exclusive right to use the terms "Private", "Private Gold", "Pirate" and "The Private Life of" in the adult-oriented audio-visual markets, including Internet markets.

117.   By virtue of its trademark registrations, Plaintiff has the exclusive right to use the Private logo and service mark design of two female figures in the adult entertainment audio visual markets, including Internet markets.

118.   Defendants' use of Plaintiff's registered trademarks and service marks in manners likely to cause consumer confusion, as alleged herein, constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

119.   Defendants' infringement is intentional and willful, has caused and will continue to cause damage to Plaintiff in an amount to be proven at trial, and is causing irreparable hard to Plaintiff for which there is no adequate remedy at law, thus Plaintiff is entitled to statutory and treble damages.

## COUNT VI

### Contributory Trademark Infringement

120.   Plaintiff repeats, re-alleges and incorporates by reference each and every preceding allegation set forth herein.

121.   By virtue of its trademark registrations, Plaintiff has the exclusive right to use the terms "Private", "Private Gold", "Pirate" and "The Private Life of" in the adult-oriented audio-visual markets, including Internet markets.

122.   By virtue of its trademark registrations, Plaintiff has the exclusive right to use the Private logo and service mark design of two female figures in the adult entertainment audio visual markets, including Internet markets.

123.   Defendants' actions that encouraged use of Plaintiff's registered trademarks and service marks in manners likely to cause consumer confusion, as alleged herein, constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

124.   Defendants' infringement is intentional and willful, has caused and will continue to cause damage to Plaintiff in an amount to be proven at trial, and is

causing irreparable hard to Plaintiff for which there is no adequate remedy at law, thus Plaintiff is entitled to statutory and treble damages.


## COUNT VII

### Vicarious Trademark Infringement

125.    Plaintiff repeats, re-alleges and incorporates by reference each and every preceding allegation set forth herein.

126.    By virtue of its trademark registrations, Plaintiff has the exclusive right to use the terms "Private", "Private Gold", "Pirate" and "The Private Life of" in the adult-oriented audio-visual markets, including Internet markets.

127.    Defendants' actions created benefit to Defendants by enticing other's infringement of use of Plaintiff's registered trademarks and service marks in manners likely to cause consumer confusion, as alleged herein, constituting vicarious trademark infringement pursuant to 15 U.S.C. § 1114.

128.    Defendants' infringement is intentional and willful, has caused and will continue to cause damage to Plaintiff in an amount to be proven at trial, and is causing irreparable hard to Plaintiff for which there is no adequate remedy at law, thus Plaintiff is entitled to statutory and treble damages.


## COUNT VIII

False Designation of Origin under the Lanham Act

129.   Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

130.   Upon information and belief, Defendant's conduct is likely to cause confusion, mistake or deception as to Defendants' affiliations, connection, or association with Plaintiff, or as to the origin, sponsorship or approval of their goods or commercial activities.

131.   Defendants' conduct as alleged herein, including but not necessarily limited to their use of Plaintiff's marks, constitutes false designation of origin pursuant to 15 U.S.C. § 1125(a).

132.   Plaintiff has been damaged by these acts in an amount to be proven at trial. Plaintiff is also entitled under the Lanham Act to injunctive and equitable relief against Defendants.

COUNT IX

Dilution of Trademark

133.   Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

134.   Upon information and belief, Defendant's conduct is likely to cause dilution of Plaintiff's trademarks and goodwill pursuant to 15 U.S.C. 1125(c)

135.   Defendants' conduct as alleged herein, including but not necessarily limited to their use of Plaintiff's marks, constitutes trademark dilution pursuant to 15 U.S.C. § 1125(c)

136.   Plaintiff has been damaged by these acts in an amount to be proven at trial. Plaintiff is also entitled under the Lanham Act to injunctive and equitable relief against Defendants.

PRAYER FOR RELIEF

A. That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1) Any further use of Plaintiff trade dress and terms which is confusingly similar thereto;

(2) Directly or indirectly using Plaintiff trade dress and terms or confusingly similar trade dress and terms, either alone or in combination with other terms, marks, symbols or trade dress;

(3) Any further use of Plaintiff trade dress or terms, or any element thereof, in connection with the marketing or sale of adult entertainment;

(4) Performing any action or using any trade dress, terms, or other name, mark, symbol, imagery or slogan which is likely to cause confusion or mistake, or to deceive or otherwise mislead the trade and/or public into believing that Plaintiff and Defendants are one and the same, or in some way connected, or that Plaintiff is the sponsor of Defendants or their products, or the Defendants in some manner are affiliated or associated with, or under the supervision of Plaintiff, or that Defendants' products originate with Plaintiff, or are connected or offered with the approval, consent, authorization, or under the supervision of Plaintiff;

(5) Marketing or selling any product containing or utilizing Plaintiff' intellectual property or business values; or

(6) Any other conduct constituting unfair competition with Plaintiff, misappropriation of Plaintiff trade dress or terms or business values, or a violation of the Iowa Code.

B. That Defendants be ordered to transfer the domains Slutload.com and all similar domains held by Defendant found in discovery, such as misspellings of the enumerated domains, domains held by Defendant linked to slutload.com, and the content therein to Plaintiff.

C. That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D. That Plaintiff be awarded damages in an amount to be determined at trial all infringing activities, including Plaintiff damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

E. That Defendants pay Plaintiff a sum sufficient to cover the cost of corrective advertising necessary to alleviate any existing or lingering

confusion resulting from Defendants' unauthorized use of Plaintiff trade dress and terms;

F.  That Defendants be ordered to account to Plaintiff for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiff trade dress and terms, as well as any confusingly similar trade dress or terms;

G.  That Plaintiff be awarded enhanced damages and attorney's fees;

H.  That Plaintiff be awarded pre-judgment and post-judgment interest;

I.  That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

J.  That such other and further preliminary and permanent relief be award to Plaintiff as the Court deems appropriate.


## JURY DEMAND

Plaintiff FraserSide IP LLC. demands a jury on all issues so triable.


DATED:  November 12, 2010                Respectfully submitted,

                                     By:

                                         /s/ Chad L. Belville

                                         Chad  Belville, Attorney at Law

                                         Iowa Bar # 015731

| | |
|---|---|
| Physical Address | 304 East Beth Drive<br>Phoenix, AZ 85042 |
| MAILING ADDRESS: | P.O. Box 17879<br>Phoenix, AZ 85066 |

Telephone:  602-904-5485
FAX:  602-297-6953
E-mail cbelville@azbar.org

ATTORNEY FOR PLAINTIFF